In the Matter of the Estate of NORA S. MURTHA, Deceased.

Surrogate's Court, New York County, August 15, 1927.

**Executors and administrators — accounting — administrator, husband of decedent, is not chargeable with value of jewelry nor entitled to be credited with money expended for support of children or in payment for medical attention to decedent — certain items allowed.**

The administrator who was the husband of the intestate should not be surcharged with the value of certain jewelry. He is not entitled to a credit for money expended for medical services, support and maintenance of children of the marriage nor is he entitled to be credited with money expended for medical services rendered the intestate.

The administrator is entitled to reasonable attorneys' fees, the proper allowance granted to a husband under section 200 of the Surrogate's Court Act, his commissions, and the amount paid out in completing the payment for property purchased by the intestate. The administrator is entitled also to be credited with part of the money expended for the funeral expenses of his wife.

ACCOUNTING proceeding by administratrix.

*Lorenz & Lorenz*, for the respondent.

*Neil J. Toomey*, for the petitioner.

*John F. X. Finn* of counsel.

O'BRIEN, S. In the trial of this unfortunate family controversy over the estate of Nora S. Murtha, who died in *1901*, and in which her husband, John J. Murtha (now deceased), took out letters of administration in *1914*, almost all the witnesses were members of decedent's family, either by blood or marriage. The testimony for the most part related to times and dates varying from thirteen to thirty years ago. The objectants in this accounting proceeding are children of Murtha by his first wife, the decedent. When they were young Murtha married again and his second wife, who was a cousin of decedent, is a party to this proceeding in her capacity as administratrix of Murtha's estate, called upon to account for his stewardship in decedent's estate. The latter consisted of a savings bank account of $1,034.15 and jewelry of the value of $80, including a ring of the value of $10, omitted from the account but conceded to be the property of decedent. Objectants have endeavored to have the accountant surcharged with the value of two certain diamonds which they contend were the property of decedent, their mother. As to this contention, the burden of proof rested upon them and they have failed to sustain it, and my ruling

is adverse to them in this claim. The accountant has endeavored to credit the administration by her late husband of decedent's estate with various outlays of money during the period from 1915 to 1922 for medical expenses, nurses, doctors and hospitals for one of his children (objectants' brother) amounting to $6,195, and for educational and summer expenses of the other children, including objectants, amounting to $2,779.50. Under the circumstances surrounding this bitter contest over relatively small stakes, I believe that upon a close analysis, at least a part of this outlay might be credited to said administrator, but I hold that he, as father of these children and head of his home, was responsible for their support, maintenance and education, and that his representative may not charge up these expenditures to his wife's estate, even though at the time he was impecunious and without regular employment. I make a similar ruling upon the claimed outlays for the nurse and doctor who attended his first wife, the decedent.

Turning our attention now to the items to be credited to the accountant, I hold that he should be credited with $125 for attorney's fees, $150 for husband's allowance under section 200 of the Surrogate's Court Act, $55.71 administrator's commissions, and $300 paid out in installments upon decedent's piano, making a total of $630.71. While the husband, under the circumstances existing at the time of decedent's death, may not charge her estate with all of the expenses of her funeral, it seems proper to allow a small contribution to that expense from her estate. I fix this at $250 (the accountant requested an allowance of $400). The total then is $880.71, which, deducted from the gross estate of $1,114.15, leaves a net estate of $233.44, with which, with compound interest from May 2, 1918, to the date of this account, the accountant is surcharged.

The distributees are the husband and six children; the former entitled to one-third and the latter each entitled to one-sixth of two-thirds of said net estate. Now three of the children died before their father (decedent's administrator), one shortly after the death of his mother, the decedent, and their shares pass to them. The result is that Murtha was entitled to two-thirds and the surviving three children each to one-third of the remaining one-third of the estate. Upon the settlement of the decree let the exact amount of the compound interest on the above $233.44 be computed, added to said sum and the total distributed as above set forth, but out of Murtha's share in the fund actually available, the deficit must be made up which would otherwise result in the total amount due to said children. No costs will be allowed. Submit decree on notice.